**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Gerald Alan SHERMAN, Defendant—Appellant.**

No. 07–30175.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2008.

Filed June 5, 2008.

Helen J. Brunner, Esq., Mark P. Parrent, Esq., J. Tate London, USSE–Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Steven Witchley, Esq., Ellis Holmes & Witchley, PLLC, Seattle, WA, for Defendant–Appellant.

Before: GRABER and RAWLINSON, Circuit Judges, and WRIGHT,* District Judge.

MEMORANDUM **

Gerald Sherman appeals a wire, mail, and securities fraud conviction, as well as the sentence imposed by the district court. We have jurisdiction pursuant to 28 U.S.C.

---

* The Honorable Otis D. Wright II, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 1291 and 18 U.S.C. § 3742. We affirm the conviction, vacate the sentence, and remand for resentencing.

Sherman raises two issues on appeal: (1) whether the district court abused its discretion in permitting expert testimony concerning the characteristics of investment fraud schemes and (2) whether the district court committed procedural error by failing to adequately explain its use of the two-level sentencing enhancement for obstruction of justice. We address each issue in turn.

We review for abuse of discretion a district court's decision to admit expert opinion testimony. *United States v. Gonzales*, 307 F.3d 906, 909 (9th Cir.2002). A district court's evidentiary ruling will be reversed only if " 'manifestly erroneous.' "° *Id.* (quoting *United States v. Hankey*, 203 F.3d 1160, 1167 (9th Cir.2000)).

The district court did not abuse its discretion in admitting expert testimony regarding the structure of fraudulent financial schemes. *See United States v. Andersson*, 813 F.2d 1450, 1458 (9th Cir. 1987) (government experts " 'may testify concerning the techniques and methods used by criminals.' " (quoting *United States v. Rogers*, 769 F.2d 1418, 1425 (9th Cir.1985))). The evidence here pertained to the nature of the act, rather than the disposition of the actor, and so is distinguishable from the "character" or "profiling" cases relied upon by Appellant.

In addition, contrary to Appellant's arguments, the expert's testimony was relevant as well as probative of the fraudulent nature of the financial transactions at issue. Moreover, the testimony was limited by the district court's ruling on Sherman's motion *in limine*. Accordingly, we conclude that the testimony of Appellee's antifraud financial expert was properly admitted, and we affirm Sherman's conviction.

However, the district court failed to adequately explain its use of the two-level sentencing enhancement for obstruction of justice.[1] In *United States v. Carty*, 520 F.3d 984 (9th Cir.2008) (en banc), *cert. denied*, —— U.S. ——, 128 S.Ct. 2491, 171 L.Ed.2d 780 (2008) we held that such a failure is a "procedural error" within the meaning of the recent Supreme Court decision of *Gall v. United States*, —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).

Sherman objected to the Presentence Report ("PSR") and so the court had to make specific findings.[2] Instead, the court adopted the PSR without comment even

---

1. U.S. Sentencing Guidelines Manual § 3C1.1 (2006) states in full:

   If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the [defendant's] offense level by 2 levels.

2. In *United States v. Dunnigan*, 507 U.S. 87, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993), the Supreme Court held:

   [I]f a defendant objects to a sentence enhancement resulting from her trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition.... When doing so, it is preferable for a district court to address each element of the alleged perjury in a separate and clear finding. The district court's determination that enhancement is required is sufficient, however, if ... the court makes a finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury.

   *Id.* at 95, 113 S.Ct. 1111 (internal citations omitted).

though the PSR also did not sufficiently express facts to support the obstruction enhancement. Accordingly, remand for resentencing is required for this non-harmless procedural error. *See United States v. Grissom*, 525 F.3d 691, 695–97 & n. 2 (9th Cir.2008).

Sherman's conviction is **AFFIRMED**, his sentence is **VACATED**, and we **REMAND** for resentencing.